## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| VICTOR MUNOZ ) | CHAPTER 13 CASE NO. 12-B-19002 |
| ) | |
| Debtor ) | JUDGE: JACK B. SCHMETTERER |
| ) | |
| VICTOR MUNOZ ) | ADV. PROC. NO. 12-00786 |
| Plaintiff, ) | |
| Vs. ) | |
| GREEN TREE SERVICING | |
| Defendants ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On May 9, 2012, the Verified Complaint of Victor Munoz, the Plaintiff in this adversary action and the debtor in a voluntary bankruptcy case before this court came before this Court for hearing upon proper notice. This Court, having reviewed and considered the Verified Complaint and Exhibits thereto and being otherwise fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

## DEFAULT

1. That on May 9, 2012, the Plaintiff filed a voluntary petition pursuant to Chapter 13 of Title 11, United States Code.

2. That on May 10, 2012 Plaintiffs filed a complaint to determine the validity of Defendant's lien on Plaintiffs' property located at 5145 South New England; Chicago, Illinois 60638.

3. That on May 10, 2012 the Clerk of this Court issued a Summons which required the Defendant to serve an Answer or other responsive pleading within thirty days of the date of issuance of the Summons by the Clerk. Exhibit E.

4. That on May 11, 2012, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified U.S. Mail, postage prepaid to the Defendant at Keith Anderson, President; 345 Saint Peter St #600; Saint Paul, MN 55102. Exhibit F.

5. Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the entry of a default against a party for failure to answer or otherwise plead to a complaint.

6. No Answer or Responsive Pleading has been filed in the case by any of the defendants.

7. 28 U.S.C. Rule 55 states that the court may enter an order of default where…In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

8. Because proper notice has been given both as to the original complaint and as to the motion for default, the plaintiff Victor Munoz is eligible to receive a default judgment against the defendant, PNC Financial Services Group, Inc. in this action.

## AVOID AND CANCEL WHOLLY-UNSECURED LIEN

1. The Debtor owned an improved parcel of residential real estate located at 5145 South New England; Chicago, Illinois 60638 which has a legal description as follows:

   a. Legal Description: Lot 29 (Except The North 10 Fee Thereof) And Lot 28 (Except The South 10 Feet Thereof) In Block 21 In Frederick H. Bartlett's Third Addition To Bartlett Highland. Being Subdivision In The Southwest ¼ Of Section 7. Township 38 North, Range 13 East Of The Third Principal Meridian, In Cook County, Illinois. Permanent Index Number: 19-07-305-062-0000

2. The Real Property is the debtor's principal residence.

3. The Debtor is indebted to certain creditors holding mortgage liens against the real property as follows:

| Creditor | Date Lien was Established | Amount Owing |
|---|---|---|
| (A) niversal Bancorp, Ltd. | December 12, 2006 | $252,000.00 |
| (B) Universal Bancorp, Ltd. | December 12, 2006 | $47,200.00 |

4. Upon information and belief, the mortgage lien having a recording date of December 12, 2006 ("Mortgage A") was given in connection with a note dated November 3, 2006, having an original principal balance in the amount of $252,000.00 Upon information and belief, this note is held by Nationstar Mortgage. Exhibit A, Exhibit D.

5. Upon information and belief, the mortgage lien having an unknown recording date of

December 12, 2006 and after Mortgage A ("Mortgage B") (See Exhibit B) was given in connection with the note dated November 3, 2006, having an original principal balance in the amount of $47,200.00 Upon information and belief, this note is held by Green Tree Servicing.

6. Pursuant to a valuation made by David C. Nelson, Attorney at Law in reviewing comparable properties on the online value service of Zillow.com; the appraised fair market value of the Real Property is only $148,000. See Exhibit C.

7. Bankruptcy Rule 3012 allows this court to value the real estate in questions.

8. 11 U.S.C. §1322 says that lien upon residential real estate used as a debtor's primary residence cannot be modified.  11 U.S.C. §1322 says that a wholly-unsecured lien can be avoided and cancelled – sometimes referred to as stripping the lien from the real estate - regardless of whether the lien is attached to residential real estate used as a debtor's primary residence. §1322 goes on to say that there must be absolutely no equity of any kind in the lien to be cancelled at the time of valuation. Therefore, the lien must be wholly-unsecured to be avoided and cancelled.

9. 11 U.S.C. §506 says that the wholly unsecured lien can be cancelled upon a showing that the lien is wholly unsecured subject to the limitation that in a Chapter 13 Bankruptcy Case, the lien cannot be cancelled until the successful completion of the Chapter 13 Case.

10. In this case, the total amount due on the first mortgage is more than the value of the property meaning that are junior liens to the first mortgage are wholly-unsecured and should be allowed to be avoided and cancelled upon the successful completion of this Chapter 13 Bankruptcy.

WHEREFORE; the Plaintiff, Victor Munoz now requests that default order be entered by this court against the defendants and that an order allowing the avoidance and cancelling of the wholly-unsecured lien on Plaintiff's Real Estate.  An order is attached as proposed for the avoidance and cancelling of the lien. A default order is attached as proposed.

DATED: 7/16/12

ENTER:

(X) _____
Jack B. Schmetterer
United States Bankruptcy Judge

JUL 26 2012

Submitted by:
David C. Nelson
NLO Nelson Law Office
53 West Jackson Boulevard; Suite 430
Chicago, IL 60604 T: 312-212-1977